UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

DAVID SHELBY,                       )
                                    )
         Plaintiff,                 )
                                    )
v.                                  ) No.: 15-4092-SEM-TSH
                                    )
                                    )
MERCER COUNTY, *et al.*,            )
                                    )
         Defendants.                )

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff David Shelby's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for

determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Shelby originally filed this case in the United States District Court for the Northern District of Illinois.  That court dismissed Shelby's case and informed him that his case should be filed, if at all, in the Central District of Illinois because his claim is against Mercer County Jail Correctional Officers.

So, Shelby has re-filed his case under 42 U.S.C. § 1983 with this Court.  Therein, Shelby alleges that, prior to being transferred from the Cook County Jail to the Mercer County Jail, two Mercer County Jail Correctional Officers subjected him to an improper strip search.  During this strip search, these two Mercer County Jail Correctional Officers made Shelby feel very uncomfortable; they laughed at Shelby while he was naked; they humiliated Shelby; and they conducted the search in a dirty, small room.  Shelby claims that the officers' actions violated his constitutional rights.

Because Shelby was a pretrial detainee during the relevant time, his "claim arises under the Fourteenth Amendment's Due Process Clause but is governed by the same standards as a claim for violation of the Eighth Amendment's prohibition against cruel

and unusual punishment." *Smith v. Sangamon County Sheriff's Dept.,* 715 F.3d 188, 191 (7th Cir. 2013); *Rosario v. Brawn,* 670 F.3d 816, 820-21 (7th Cir. 2012)("Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause, and we apply the same deliberate indifference standard in both types of cases.")(internal quotation omitted).  "The Eighth Amendment prohibits punishments which involve the unnecessary and wanton infliction of pain, are grossly disproportionate to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." *Meriwether v. Faulkner,* 821 F.2d 408, 415 (7th Cir. 1987)(citing *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Caldwell v. Miller,* 790 F.2d 589, 600 (7th Cir. 1986)).

    In evaluating Eighth Amendment claims, courts conduct both an objective and a subjective inquiry.  The objective prong asks whether the alleged deprivation or condition of confinement is "sufficiently serious" so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)

(quotations omitted).  If the conditions complained of pass this threshold, courts then must determine the prison official's subjective state of mind; that is, whether "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *Johnson v. Phelan,* 69 F.3d 144, 149 (7th Cir. 1995).

In the context of bodily searches performed upon those incarcerated in the prison system, only those searches that are "maliciously motivated, unrelated to institutional security, and hence 'totally without penological justification' are considered unconstitutional." *Meriwether,* 821 F.2d at 418 (quoting *Rhodes,* 452 U.S. at 346); *Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003).  In other words, the search must amount to "'calculated harassment unrelated to prison needs,'" *Meriwether,* 821 F.2d at 418 (quoting *Hudson v. Palmer,* 468 U.S. 517, 530 (1984)), with the intent to humiliate and inflict psychological pain. *Fillmore v. Page,* 358 F.3d 496, 505 (7th Cir. 2004)(citing *Calhoun,* 319 F.3d at 939).

Here, Shelby has alleged that the John Doe Defendants' search was performed in such a manner so as to humiliate him and was not related to any legitimate prison need.  Accordingly, Shelby's

Complaint states a Due Process claim in violation of his Fourteenth Amendment rights.

Shelby also claims that his constitutional rights were violated in being transferred to the Mercer County Jail. Shelby states that he had no charges pending in Mercer County, that he was improperly housed with federal prisoners while at the Mercer County Jail, and that the transfer to the Mercer County Jail made it difficult for his counsel and his family to visit him.

However, the Northern District Court has previously advised Shelby that such allegations are insufficient to state a claim upon which relief can be granted. As that court explained, "[a] constitutional liberty interest does not exist to remain in or prevent a transfer to a particular institution. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Ramirez v. Turner*, 991 F.2d 351, 353 (7th Cir. 1993). So long as Mercer County Jail's conditions were not substantially more restrictive such that the transfer amounted to punishment, which is not indicated in the complaint, there was no constitutional violation. *See Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979)." *Shelby v. Dart*, NDIL, 14-7043.

Shelby has not alleged that the Mercer County Jail's conditions were substantially more restrictive than the Cook County Jail's conditions.  Shelby has only alleged that he did not want to be transferred to the Mercer County Jail, but his transfer in and of itself did not violate his constitutional rights.

Finally, Shelby's Complaint only alleges a valid claim against the two John Doe Correctional Officers who conducted the strip search in violation of his constitutional rights.  Shelby's Complaint does not state a *Monell* claim against Mercer County or Cook County. *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978). Likewise, Shelby's Complaint fails to state a claim against Defendant Sheriff John Mueller and Defendant Chief Corrections Officer Joseph Olson because neither was personally involved in any alleged violation of Shelby's constitutional rights. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)); *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010)(holding that the doctrine of *respondeat superior* has no application to § 1983 actions).

Nevertheless, the Court will keep Defendant Olson in this case to perfect service of process and to assist in identifying the two

John Doe Correctional Officers.  Once Shelby has identified the two John Doe Defendants through the discovery process, he should move to substitute the two Correctional Officers as party Defendants by name and move to dismiss Defendant Olson.

**IT IS, THEREFORE, ORDERED:**

1.  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff's Complaint states a claim for cruel and unusual punishment in violation of his Fourteenth Amendment rights.  The Court will allow this case to proceed against Defendant Joseph Olson for service of process and to facilitate the discovery of the two Mercer County Jail Correctional Officers who allegedly violated Plaintiff's constitutional rights.  Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.  Defendants Mercer County, John Mueller, and Cook County are dismissed as party Defendants.

3.  This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an

opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

    4. The Court will attempt service on Defendant by mailing him a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5. With respect to a Defendant(s) who no longer works at the address provided by Plaintiff, the entity for whom that Defendant(s) worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendant shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendant pursuant to Local Rule 5.3. If electronic service on Defendant is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**It is further ORDERED that the Clerk is directed**: **(1) to dismiss Defendants Mercer County, John Mueller, and Cook County as party Defendants; (2) to attempt service on Defendant Joseph Olson pursuant the Court's standard procedures; and (3) to set an internal Court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.**

**Lastly, it is ORDERED that, if a Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

ENTERED this 4th day of November, 2015:

<u>s/ Sue E. Myerscough</u><br>
SUE E. MYERSCOUGH<br>
UNITED STATES DISTRICT JUDGE